Benjamin Gtassman, J.
This is a motion for a writ of error coram nobis.
The petitioner alleges in his moving papers that on January 27,1949, on a conviction of robbery in the second degree, he was sentenced to State prison for a term of not less than 3 years nor more than 6 years; that on December 1,1951 he was paroled, having served 2 years, 10 months and 4 days. He alleges in his moving papers that he owed at that time 2 years 11 months and 13 days on the 1949 sentence.
Thereafter, on January 10, 1955, and while the defendant was on parole, he was indicted in a superseding indictment which charged him with feloniously selling a narcotic drug; feloniously possessing a narcotic drug with intent to sell and feloniously possessing a narcotic drug. During the trial of the last-mentioned indictment, on February 17, 1955, the defendant pleaded guilty to an attempt of feloniously selling a narcotic drug, under the first count of the indictment. On that plea the defendant was sentenced on March 31, 1955, as a third offender, to a term of 5 to 7 years in State prison. On December 19,1958, on the application of the defendant, he was resentenced as a second offender to a term in State prison of 4 to 5 years nunc pro tunc as of March 31, 1955.
Because of the arrest of the defendant under the 1955 indictment he was returned for violation of parole (on which he was released on Dec. 1, 1951) and, according to his moving papers, at the time when he was returned for violation of parole he still owed 2 years, 11 months and 13 days on the maximum 6-year sentence imposed on him on January 27,1949.
He now contends that he is illegally detained and that his term of imprisonment should have terminated before this date.
Apparently, the defendant contends that the 2 years, 11 months and 13 days which he owed on the 1949 sentence were to be served by him concurrently with the 4 to 5-year sentence imposed on December 19, 1958 (nunc pro tunc as of March 31, 1955). This contention is erroneous.
Subdivision 2 of section 2190 of the Penal Law provides that, “Where a person, under sentence for a felony, afterward commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment, to which he is already sentenced.” The defendant herein, hav-
*680 ing been convicted in 1955, while he was out on parole on the 1949 sentence, was therefore compelled to serve the balance of his maximum 6-year term under the 1949 sentence before he started to serve the 4 to 5-year term under the 1958 nunc pro tunc sentence (Matter of Egitto v. McGinnis, 12 A D 2d 686; Matter of Riccardi v. Wilson, 254 App. Div. 603).
On March 31, 1955, when the defendant was originally sentenced to a term of 5 to 7 years as a third offender (which sentence was subsequently changed to a minimum of 4 and a maximum of 5 years mmc pro tunc as of March 31, 1955), he still owed, according to his own moving papers, 2 years, 11 months and 13 days on the 1949 sentence, which 2 years, 11 months and 13 days he was obliged to serve after March 31, 1955, before the new sentence imposed on the superseding indictment commenced. This delinquent time had to be served by him before he started to serve the 4 to 5-year sentence and such term of imprisonment has not yet expired. The service of the delinquent time was compulsory under the statute then in force. Chapter 473 of the Laws of 1960, effective on July 1, 1960, gave the Parole Board discretion to reduce the mandatory delinquent time. However, that chapter was not retroactive and had no application to any sentences imposed prior to its effective date.
If it is the defendant’s contention that he is being illegally detained, his application for relief should be addressed to another court, perhaps in the form of a writ of habeas corpus. Under the present application for a writ of error coram nolis such relief may not be had.
Accordingly, the motion of the defendant is in all respects denied.